## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-901-PRW |
| BLAKE HOLLEY and KENNY FURR, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Furr's Motion to Dismiss or, in the Alternative, Stay and Brief in Support (Dkt. 9). This matter is fully briefed and ripe for review. For the reasons that follow, the Court **DENIES IN PART** and **GRANTS IN PART** the Motion (Dkt. 9).

### *Background*

Plaintiff seeks a declaratory judgment that an insurance policy purchased by Defendant Blake Holley does not impose duties to defend or indemnify in an underlying state action against Blake Holley brought by Defendant Furr.

On October 10, 2023, Defendant Furr was injured in a car wreck on southbound US-283 near Shattuck, Oklahoma. Plaintiff alleges that Chase Holley, brother of Defendant Blake Holley, drove Blake Holley's Dodge Ram 3500 while hauling a swather on a trailer.[1] The swather, which was too wide to stay in its lane, hit Defendant Furr's vehicle as Holley

---

[1] A swather is a farm implement that is pulled behind a tractor and used to cut hay or other grains and arrange it into rows for drying and gathering.

1

crossed a bridge. Plaintiff claims that Chase Holley owned the Dodge Ram and Defendant Blake Holley owned the trailer and swather. Defendant Furr disputes ownership as to both.

At the time of the accident, Defendant Blake Holley maintained a commercial farm policy issued by Plaintiff, which provides that Plaintiff will cover the insured's legal obligations for certain bodily injuries and property damage.

The policy excludes coverage for "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."[2] Such exclusion applies even for claims alleging negligence or other tortious acts "in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' involved the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft that is owned or operated by or rented or loaned to any insured. . . ."[3] The policy also excludes coverage for bodily injury or property damage caused by "[t]he transportation of 'mobile equipment' by an 'auto' owned or operated by or rented or loaned to any insured."[4] The policy defines "mobile equipment" as certain types of land vehicles and attached machinery or equipment such as [b]ulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads[.]"[5]

---

[2] Policy (Dkt. 1, Ex. 3), at 4.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 14.

After the accident, Defendant Furr sued Chase and Blake Holley, as well as Holley-Woods Spraying Co., LLC, and Rockin F Genetics, LLC in Oklahoma district court, alleging negligence, negligence per se, gross negligence and/or recklessness in operating a motor vehicle.

Plaintiff argues that the policy's exclusions do not cover Defendant Blake Holley's potential liability in the underlying state suit, since he allegedly entrusted the trailer to Chase Holley for the transportation of mobile equipment.

After Defendant Blake Holley requested that Plaintiff defend him in the underlying state court case, Plaintiff obliged, but reserved its right to argue that it isn't required to do so. Plaintiff now argues that Oklahoma law does not obligate it to defend the action against Blake Holley since it is has no liability under the policy. Plaintiff thus seeks a declaration from this Court that Plaintiff has no obligation to defend, indemnify, or otherwise provide insurance coverage for Blake Holley in the underlying state suit. Defendant Furr has moved the Court to exercise its discretion either to dismiss the case or stay it pending resolution of the underlying state proceeding.

### *Legal Standard*

Article III of the Constitution authorizes federal courts to hear cases or controversies. This limitation ensures that federal courts are only acting when the dispute before them is "real, earnest, and vital."[6]  This has long been interpreted to mean that to

---

[6] *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College,* 600 U.S. 181, 199 (2023) (citing *Muskrat v. United States*, 219 U.S. 346, 351, 359 (1911) (internal quotation marks omitted).

bring a case or controversy in federal court, a plaintiff must establish that he has standing. Standing requires a demonstration that the plaintiff has: "(1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision."[7]  The Declaratory Judgment Act provides that "'[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'"[8]  The Court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[9]

### *Analysis*

The crux of Defendant Furr's argument is that the Court should not entertain a declaratory judgment action which seeks determinations of issues likely in play in the underlying state court proceeding. Plaintiff disagrees that issuing a declaratory judgment here would trench upon questions for the state court jury, since it will clarify the parties' legal relations and would not require the Court to resolve disputed questions of fact.

---

[7] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

[8] *Essex Insurance Co. v. Sheppard & Sons Const., Inc.*, No. CIV-12-1022-D, 2013 WL 4829128 at *2 (W.D. Okla. Sept. 9, 2013) (citing *Surefoot LC v. Sure Foot Corp.,* 531 F.3d 1236, 1240 (10th Cir.2008) (quoting 28 U.S.C. § 2201(a)).

[9] *Id.* (citations omitted).

There are two separate issues here: (1) Plaintiff's duty to defend and (2) its duty to indemnify. The Court will allow the case to proceed as to Plaintiff's duty to defend, but it will stay the case as to Plaintiff's duty to indemnify.

The Court considers the factors set out in *State Farm Fire & Cas. Co. v. Mhoon* when deciding whether to exercise its discretion to issue a declaratory judgment:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.[10]

*Application of the First and Second* Mhoon *Factors*

The first and second *Mhoon* factors are "designed to shed light on the overall question of whether the controversy would be better settled in state court."[11] In an insurance case like this, these two factors weigh in favor of the Court maintaining the declaratory judgment action if the underlying state case won't determine the insurer and insured's legal relations or resolve the insurance coverage issue at play.[12] Here, Plaintiff is not a party to the state proceeding, and that case will only resolve questions about liability as to Defendant Furr's asserted tort claims, so that case will not determine the issues presented in this one. And in any event, Plaintiff has no opportunity to raise these issues in

---

[10] 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

[11] *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002).

[12] *A & D Brown Enterprises*, 2022 WL 178594, at *4 (internal citations omitted).

the state lawsuit. Since the state lawsuit is ongoing, Plaintiff needs an answer on its obligation to defend Defendant Blake Holley so that it does not incur unnecessary expense.

Defendant Furr seeks damages in excess of $75,000 against Blake Holley. Further, Plaintiff is a New Hampshire corporation with a principal place of business in Massachusetts, and Defendants are both citizens of Oklahoma. Should Furr prevail in his state case against Blake Holley and is awarded damages in excess of $75,000, this Court would have subject-matter jurisdiction over any action, whether through removal or its original jurisdiction, should Plaintiff refuse to indemnify Defendant Blake Holley.[13] Either way, it's plausible that this Court will need to settle the question of indemnity at some point. Further, should Plaintiff cease offering Blake Holley a defense in his state court case, it's likewise plausible that this Court would need to hear breach of contract or bad faith claims if such a claim includes an amount-in-controversy over $75,000.

*Application of the Third and Fourth* Mhoon *Factors*

Defendant Furr has not articulated how Plaintiff uses declaratory relief for the purpose of procedural fencing. "The timing and defensive nature" of a declaratory judgment action can indicate a plaintiff's pursuit of procedural fencing, but this case does not appear to present such a presumption.[14] Plaintiff brought this action *after* the underlying Oklahoma case began and answers a timely question as to Plaintiff's obligation to defend in the state proceeding.

---

[13] 28 U.S.C. § 1332.

[14] *Neverve, LLC v. SE Property Holdings, LLC*, Case No. CIV-18-1250-PRW, 2019 WL 3022200, at *4 (W.D. Okla. July 10, 2019).

The duty to defend and the duty to indemnify, while similar, are not grounded in the same factual determinations, and the former is broader than the latter.[15] The duty to defend arises when an insurer "ascertains the presence of facts that give rise to the *potential of liability* under the policy."[16] For the potential of liability to exist "there need not be a probability of recovery."[17] Here, Defendant Furr's Complaint (Dkt. 1, Ex. 2) alleges that the defendants in the underlying state action "were negligent, negligent per se, grossly negligent, and/or reckless in the operation of a motor vehicle (either in actuality and/or through vicarious or other forms of liability arising from the relationship with other named Defendants), causing a collision and personal injuries to Plaintiff."[18] This certainly raises the possibility of recovery under the policy.

The duty to indemnify is a closer question, since that requires a determination of whether the facts of the accident actually require indemnification. Plaintiff argues that "[t]he principal issues in the declaratory judgment action are whether Furr's injury arose from Blake Holley's ownership, maintenance, use or entrustment of any 'auto' and/or from the transportation of 'mobile equipment' by an 'auto' owned by Blake Holley."[19] Plaintiff claims these issues are not disputed and distinct from the state proceeding's principal issues, revolving around Defendant Furr and Chase Holley's actions leading up to the

---

[15] *Idg, Inc. v. Continental Cas. Co.*, 275 F.3d 916, 920 (10th Cir. 2001) (citing *First Bank of Turley v. Fidelity and Deposit Ins. Co. of Maryland*, 928 P.2d 298, 303 (Okla. 1996)).

[16] *Id.* (emphasis in original).

[17] *Id.*

[18] Amended Compl. (Dkt. 1, Ex. 2), ¶8.

[19] Resp. (Dkt. 10), at 7.

collision and a determination of damages. But that contention is hard to square with Defendant Furr's Complaint (Dkt. 1, Ex. 2), which contains a broad theory of liability against all Defendants, including Blake Holley.

Plaintiff points to responses to interrogatories and other discovery materials from the state case to argue that factual questions about liability are undisputed. But "the duty to indemnify must be determined based on the facts as ultimately determined in the litigation against the insured."[20] And discovery responses are not binding on litigants.[21] At this stage, Defendant Furr argues that questions about the trailer and swather's ownership, who entrusted either piece of equipment to whom, whether any of the defendants were negligent, whether Blake or Chase Holley were acting within the scope of their employment, and the extent of Blake Holley's liability to Furr, are all live questions in the underlying state proceeding. All that to say, there is both a risk of inconsistent factual findings and potential preclusive effect as to Defendants Furr and Blake Holley in the underlying state case but not as to the other defendants not party to this case.

These unsettled jury questions also increase the possibility of friction between this Court and the state court, thus the fourth *Mhoon* factor weighs in favor of either declining to exercise jurisdiction or to stay decision on the question of the duty to indemnify. This factor "involves a consideration of whether the matters being heard in the state court action

---

[20] *Valley Imp. Ass'n, Inc. v. U.S. Fidelity & Guar. Corp.*, 129 F.3d 1108, 1126 (10th Cir. 1997).

[21] "Answers given at initial stages of discovery are not expected to be final, and are not binding to the party giving them." *Barker v. Bledsoe*, 85 F.R.D. 545, 548 (W.D. Okla. 1979) (citing 8 *Wright & Miller, Civil Practice and Procedure* § 2181).

are essential to a determination of the collateral federal action, or whether the issue being raised in the federal declaratory action involves no matter—factual or legal—at issue in the state case."[22] Here, Defendant Furr represents that it is still an open question whether Blake Holley individually owned the equipment involved in the accident—or if the named entities in the state suit did—and whether the entrustment relationships do not exist as Plaintiff assumes they do. Plaintiff's exclusions implicate questions about Blake Holley's ownership of the mobile equipment and whether he entrusted the equipment to someone else, and Plaintiff's Complaint (Dkt. 1, Ex. 2) asserts multiple theories of liability that could conceivably implicate at least the entrustment issue.

However, as the Court has previously mentioned, Plaintiff will likely be able to litigate disputes about its duty to indemnify in federal court, should the state court case find Blake Holley liable. Staying determination of the duty to indemnify is a more prudent course of action than dismissing it, especially since the state court proceeding could determine questions of fact at play in this case.

*Application of the Fifth* Mhoon *Factor*

The fifth *Mhoon* factor weighs in favor of this Court exercising jurisdiction since there is no clearly superior alternate remedy available to Plaintiff. Plaintiff is not a party to the underlying state suit, so it has no ability to litigate questions about the duty to defend

---

[22] *Travelers Casualty Insurance Company of America v. RNS Auto Services, LLC*, Case No. 22-cv-545-KWR-LF, 2023 WL 4157170, at *4 (D.N.M. June 22, 2023) (quoting *Spirit Com. Auto Risk Retention Grp. v. GNB Trucking, Inc.*, Case No. 17-cv-842- WJ-SCY, 2017 WL 5468670, at *2 (D.N.M. Nov. 14, 2017)) (internal quotation marks omitted).

Blake Holley or its duty to indemnify for any negligent actions. It could of course bring a declaratory judgment action in state court, but that still would be a parallel case, potentially making factual determinations before the original suit could do so. Thus, this action is equally sufficient to Plaintiff's only other option.

### *Conclusion*

The *Mhoon* factors indicate that the best course of action is for this Court to allow the case to proceed with respect to determining Plaintiff's duty to defend Blake Holley in the underlying state proceeding. Staying the determination of the duty to indemnify will be the most efficient use of the Court's and parties' resources, due to the potential for conflicting factual determinations. The Court thus **DENIES** the Motion (Dkt. 9) with respect to Plaintiff's request for a declaratory judgment as to its duty to defend Defendant Blake Holley and **GRANTS** the Motion with respect to Plaintiff's request for a declaratory judgment on its duty to indemnify.

**IT IS SO ORDERED** this 4th day of May 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

10